Douglas E. Dexter (State Bar No. 115868)
ddexter@fbm.com
Rebecca H. Stephens (State Bar No. 299234)
rstephens@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL KEEGAN, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMAZON.COM SERVICES LLC, a California Limited Liability Company; AMAZON.COM, INC., a California Corporation; AMAZON FULFILLMENT CENTER, an unknown entity; and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(b)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF KEEGAN MITCHELL[1]:

PLEASE TAKE NOTICE that Defendant AMAZON.COM SERVICES LLC[2] ("Amazon"), pursuant to 28 U.S.C. § 1441(b), hereby removes the above-entitled action to this

---

[1] The Complaint erroneously identifies Plaintiff's name as "Mitchell Keegan," but Amazon is not aware of any current or former employee named "Mitchell Keegan." Amazon understands Plaintiff's name to be "Keegan Mitchell."

[2] Plaintiff named "AMAZON.COM SERVICES, LLC" in this action, but Amazon is not aware of a legal entity named "AMAZON.COM SERVICES, LLC." Amazon assumes that Plaintiff meant to name "AMAZON.COM SERVICES LLC" and files this notice of removal on that entity's behalf.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

39551\13838689.2

NOTICE OF REMOVAL

1  Court from the Superior Court of the State of California in and for the County of Sacramento.

2  **I.   FACTUAL AND PROCEDURAL BACKGROUND**

3    On October 30, 2020, Plaintiff KEEGAN MITCHELL ("Plaintiff") filed a civil complaint
4  in the Superior Court of the State of California, County of Sacramento, entitled *Mitchell Keegan v.*
5  *AMAZON.COM SERVICES LLC, et al.,* Case No. 34-2020-00288232. A true and correct copy of
6  the Complaint, together with its Civil Case Cover Sheet, is attached at **Exhibit A** (hereinafter the
7  "Complaint").

8    In her Complaint, Plaintiff alleges nine causes of action against Amazon: (1) Disability
9  Discrimination (FEHA); (2) Retaliation (FEHA); (3) Failure to Accommodate; (4) Failure to
10 Engage in the Interactive Process; (5) Failure to Investigate and Prevent; (6) Violation of
11 California Labor Code § 1102.5; (7) Violation of California Labor Code §§ 96K & 98.6; (8)
12 Wrongful Termination in Violation of Public Policy; and (9) Intentional Infliction of Emotional
13 Distress. *See* **Exh. A**. Plaintiff seeks general damages, special damages, punitive damages,
14 medical expenses, unpaid wages, attorney's fees, prejudgment interest, declaratory relief, and
15 injunctive relief. *See* **Exh. A** at p. 14.

16   On November 19, 2020, Amazon.com Services LLC was served with Plaintiff's
17 Complaint.  Defendant Amazon.com, Inc. has not yet been served. Amazon is not aware of any
18 legal entity named "Amazon Fulfillment Center."

19 **II.   THE NOTICE OF REMOVAL IS TIMELY**

20   This Notice of Removal has been timely filed within thirty (30) days after "service on that
21 defendant of the initial pleading." *See* 28 U.S. §1446(b)(2)(B).[3]

22 **III.   THIS COURT HAS DIVERSITY JURISDICTION**

23   This case is removable because this Court has original jurisdiction based on the parties'
24 diversity of citizenship. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original

---

[3] The date 30 days after November 19, 2020 is Saturday, December 19, 2020. Pursuant to the Federal Rules of Civil Procedure, the time period to file this Notice of Removal is therefore extended to the next day that is not a Saturday or Sunday, or December 21, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2

39551\13838689.2

NOTICE OF REMOVAL

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"). First, Plaintiff and Amazon are citizens of different states. Plaintiff's Complaint alleges that she resides in the state of California and has lived in California at all relevant times. *See* **Exh. A** at ¶ 1, pg. 2.

Neither Amazon.com, Inc. nor Amazon.com Services LLC is a citizen of California. Under 28 U.S.C. § 1332(c), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" Amazon.com, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. *See* **Exhibit B** (Washington Secretary of State Annual Report for Amazon.com, Inc. listing principal office in Seattle, Washington and incorporation in Delaware).

For purposes of diversity jurisdiction, "a limited liability corporation is a citizen of all of the states of which its owners/members are citizens." *Lindley Contours LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011) (citation omitted). At all times relevant to this action, Amazon.com Services LLC's corporate headquarters and principal place of business has been in Seattle, Washington, and Amazon.com Services LLC is now and has been organized under the laws of the State of Delaware. *See* **Exhibit C** (California Secretary of State Statement of Information for Amazon.com Services LLC listing principal office in Seattle, Washington and organized under Delaware law). Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is a Delaware corporation with its corporate headquarters and principal place of business in Washington. *See* **Exhibit D** (Washington Secretary of State Annual Report for Amazon.com Sales, Inc. listing principal office in Seattle, Washington and incorporation in Delaware). Amazon.com Sales, Inc. is a wholly owned subsidiary of parent company Amazon.com Inc.  Thus, diversity of citizenship exists.

In addition, the amount in controversy exceeds $75,000. Though Amazon denies that Plaintiff is entitled to any damages, Plaintiff seeks general damages, special damages, punitive damages, attorney's fees, and more. *See* **Exh. A** at p. 14. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See,*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3

39551\13838689.2

NOTICE OF REMOVAL

*e.g.*, *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–2 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032, 1035 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees). Thus, removal is proper based on this Court's diversity jurisdiction.

## IV.   VENUE IS PROPER IN THIS COURT

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court embraces the Superior Court of the State of California for the County of Sacramento, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate court to which to remove this action.

## V.   NOTICE OF REMOVAL

Amazon will promptly provide written notice of this Notice of Removal to Plaintiff, and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Sacramento.

///
///
///
///
///
///
///
///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

NOTICE OF REMOVAL

39551\13838689.2

## VI. CONCLUSION

As detailed above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1441(b). Having fulfilled all statutory requirements, Amazon removes this action from the Superior Court of California, County of Sacramento to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: December 21, 2020            FARELLA BRAUN + MARTEL LLP


By:     /s/ Rebecca H. Stephens
            Rebecca H. Stephens

Attorneys for Defendants
AMAZON.COM SERVICES LLC

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

5
NOTICE OF REMOVAL

39551\13838689.2