# EXHIBIT A

Jake D. Finkel, Esq. (SBN 293954)
Avraham Kalaf, Esq. (SBN 325249)
**LAW OFFICES OF JAKE D. FINKEL, APC**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521

Attorneys for Plaintiff
MITCHELL KEEGAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MITCHELL KEEGAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, a California Limited Liability Company; AMAZON.COM, INC., a California Corporation; AMAZON FULFILLMENT CENTER, an unknown entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**  BY FAX<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **RETALIATION IN VIOLATION OF THE FEHA;**<br>3. **FAILURE TO ACCOMMODATE**<br>4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**<br>5. **FAILURE TO INVESTIGATE AND PREVENT;**<br>6. **VIOLATION OF CALIFORNIA LABOR CODE § 1102.5**<br>7. **VIOLATION OF LABOR CODE §§ 96K & 98.6**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br>9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

1

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff, MITCHELL KEEGAN, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1.  At all times mentioned herein, Plaintiff, MITCHELL KEEGAN ("PLAINTIFF" or "Ms. Keegan") was an individual and a resident of the State of California.

2.  Plaintiff is informed and believes, and based thereon alleges, that Defendant AMAZON.COM SERVICES, LLC ("Amazon Services") is a California Limited Liability Company, doing business at 4900 W. Elkhorn Blvd. Sacramento, California 95835. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

3.  Plaintiff is informed and believes, and based thereon alleges, that Defendant AMAZON.COM, INC. ("Amazon.com") is a California corporation, doing business at 4900 W. Elkhorn Blvd. Sacramento, California 95835. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

4.  Plaintiff is informed and believes, and based thereon alleges, that Defendant AMAZON FULFILLMENT CENTER, an unknown entity ("Amazon Fulfillment") is doing business at 4900 W. Elkhorn Blvd. Sacramento, California 95835. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

5.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise

legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately hereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

6. Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

7. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

8. Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant, shall mean all Defendants, and each of them.

**FACTUAL ALLEGATIONS**

9. Amazon Services, Amazon.com and Amazon Fulfillment (collectively, "Corporate Defendants") employed Ms. Keegan, an individual diagnosed with medial epicondylitis, as an employee from about May 2019 through the abrupt end of her employment on December 13, 2019. Corporate Defendants are a well-known online retailer with multiple shipping centers across the United States. Corporate Defendants' location where Ms. Keegan worked is located at 4900 W. Elkhorn Blvd., Sacramento, California 95835.

10. Ms. Keegan excelled in her employment with Amazon. Prior to Mr. Keegan seeking accommodations for her disabilities, Ms. Keegan either met or exceeded Corporate Defendants expectations as is reflected by her complete lack of write-ups as well as her perfect attendance.

11. On or around December 7, 2019, Ms. Keegan injured her left elbow during her routine course of work. Immediately thereafter, Ms. Keegan informed her Manager, Jade Doe ("Jade"), that she was in pain and an in-house nurse was called to examine her. The nurse advised Ms. Keegan to ice her arm and wait and see if the pain would subside. Despite following the nurse's recommendation, Ms. Keegan's elbow continued to deteriorate.

12. On or around December 9, 2019, Ms. Keegan sought medical treatment for her elbow pain. Ms. Keegan was formally diagnosed with medial epicondylitis and was placed off work for the remainder of the day. Accordingly, that same day, Ms. Keegan presented a doctor's note to her Human Resource ("HR") Representative, Jason Doe ("Jason"), and was allowed to take the day to recuperate.

13. On or around December 10, 2019, Ms. Keegan submitted both an injury report and her medical paperwork to HR. Consequently, she was seen by a company doctor via webcam who placed Ms. Keegan on the work restriction that she not lift more than ten pounds. That same day, Ms. Keegan was transferred to the mailroom, where she was able to complete all her assigned tasks with no issue.

14. On December 13, 2019, Ms. Keegan had a follow up visit with Amazon's doctor via webcam. The doctor did not lift the work restriction but scheduled a follow up web-cam visit the following week. Ms. Keegan believed that by the following "visit" her elbow would heal and her work restriction be relieved.

15. On or about December 13, 2019, in retaliation for requesting accommodations, Ms. Keegan was terminated on a completely groundless and unjustified basis. Throughout Ms. Keegan's tenure at Amazon, employees would frequently drive in the incorrect lane when entering or exiting the parking lot. On information and belief no employee has ever been reprimanded for doing so. Nevertheless, Ms. Keegan was told that she was being terminated for driving in the wrong lane when exiting the parking lot. Adding insult to injury, Ms. Keegan was accused of doing this during a time when she was off the clock.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. Plaintiff filed a complaint against Defendants with the Department of Fair

Employment and Housing ("DFEH") on October 22, 2020. The DFEH issued Plaintiff a "Right-to-Sue" letter that same day. This Complaint is timely filed pursuant to that letter. Venue is proper in Los Angeles because that is where Plaintiff worked and where the discriminatory conduct occurred.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### Government Code Section 12900, *et seq.*

### (Against Corporate Defendants, and Does 1-50 Inclusive)

17. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

18. At all times hereto, the FEHA was in full force and effect and was binding upon defendants and each of them.

19. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

20. FEHA requires Defendants to refrain from discriminating against an employee on the basis of actual and/or perceived mental or physical disability and to prevent discrimination on the basis of actual and/or perceived mental or physical disability from occurring.

21. Plaintiff is a member of a protected class as a disabled individual.

22. At all times relevant hereto, Plaintiff is performing competently in the position held with Defendants.

23. Plaintiff suffered the adverse employment actions of retaliation, and failure to prevent discrimination and retaliation from occurring, and was harmed thereby.

24. Plaintiff is informed and believes that her disability, and/or some combination of these protected characteristics under Government Code §12926(j) were substantial motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

25. Said conduct violates the FEHA, and such violations were proximate cause in Plaintiff's damages as stated below.

26. The foregoing conduct of Defendants individually, or by and through their

managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

27. Pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE FEHA
**(Against Corporate Defendants, and Does 1-50 Inclusive)**

28. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

29. Plaintiff's complaints to Defendants about discrimination, harassment, and retaliation regarding characteristics protected by FEHA, Government Code section 12900, et seq., were motivating factors in defendants' decision to take adverse employment actions towards Plaintiff. Defendants' agents and supervisors retaliated against Plaintiff because of her disabilities, for her requests for reasonable accommodations and for her complaints of illegal activities.

30. Plaintiff complained to Defendants about the discrimination, harassment, retaliation, but nothing was done. On the basis of the above, Plaintiff believes and alleges that Defendants retaliated against her for her complaints of discrimination, retaliation and failure to accommodate.

## THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE UNDER FEHA
**(Against Corporate Defendants, and Does 1-50 Inclusive)**

31. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

32. Under FEHA, it is unlawful for an employer to "fail to make reasonable accommodation for the known or perceived physical disability." Government Code section 12940(m). Even if the employee's medical condition does not constitute a qualified disability, an employer must reasonably accommodate an employee whom it regarded as disabled. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 60–62.

33. Defendants failed and refused to accommodate Plaintiff's request without Plaintiff suffering repercussions for doing so. Despite Plaintiff providing Defendants with documentation of her physician, Defendants refused or otherwise failed to accommodate Plaintiff's disabilities.

34. Further, Defendants terminated Plaintiff's employment instead of accommodating her.

35. As a direct result of this failure to accommodate, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including a loss of income and lost future earning capacity, all to her damages in amount according to proof.

36. Moreover, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional, and mental distress, pain and suffering, all to her damage in an amount according to proof.

37. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

38. Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees in this action.

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS UNDER FEHA –

### Government Code section 12940(n)

### (Against Corporate Defendants, and Does 1-50 Inclusive)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

40. FEHA requires an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a

request for a reasonable accommodation by an employee with a known physical disability or medical condition. Government Code section 12940(n). The interactive process "centers on the employee-employer relationship so that capable employees can remain employed and so that their medical problems can be accommodated." *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 950.

41. During her employment, Plaintiff suffered from a disability. Defendants knew and were aware of Plaintiff's disability as evidenced by multiple notices Plaintiff provided Defendants.

42. Defendants failed to engage Plaintiff in a good faith interactive process. Defendants failed to allow Plaintiff to continue working in an alternate position prior to her termination and otherwise failed to engage Plaintiff in a good faith interactive process.

43. As a direct result of this failure to engage in the interactive process, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including a loss of income and lost future earning capacity, all to her damage in amount according to proof.

44. Moreover, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional, and mental distress, pain and suffering, all to her damage in an amount according to proof.

45. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

46. Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees in this action.

## FIFTH CAUSE OF ACTION
### FAILURE TO INVESTIGATE AND PREVENT IN VIOLATION OF THE FEHA
#### (Against Corporate Defendants, and Does 1-50 Inclusive)

47. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

48. At all times mentioned herein, California Government Code §§ 12940, et seq., including but not limited to Sections 12940(j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all

reasonable steps necessary to prevent discrimination and retaliation from occurring.

49. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

50. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940(j) and (k), causing Plaintiff to suffer damages as set forth above.

51. As a proximate result of the aforesaid actions of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

52. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

53. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

54. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

1 owed by each Defendants to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiffs should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

### SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION § 1102.5
### (Against Corporate Defendants, and Does 1-50 Inclusive)

55. Plaintiff restates and hereby incorporates the paragraph above as though fully set forth herein.

56.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for complaining of activity they believe to be illegal.

57.   Plaintiff raised complaints of activities she believed to be illegal while she worked for defendants. Plaintiff believed that it was illegal for Defendant to discriminate and harass her on the basis of her protected status and requesting accommodations. Defendants retaliated against her by discriminating against her and taking adverse employment actions, including employment termination, against her.

58. Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling plaintiff to punitive damages against defendant.

59. As a result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof.

60. As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 96(k) & 98.6

(Against Corporate Defendants, and Does 1-50 Inclusive)

61. Plaintiff restates and hereby incorporates the paragraphs above as though fully set forth herein.

62. California Labor Code § 96(k) protects an employee from loss of wages as a result of a failure to hire, demotion, suspension, or discharge from employment because the employee engaged in lawful conduct asserting "recognized constitutional rights" occurring during nonworking hours away from employer's premises, which includes holding a second job.

63. California Labor Code § 98.6(a) prohibits an employer from discharging or in any manner discriminating, retaliating or taking any adverse actions against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in certain sections of the California Labor Code, including California Labor Code § 96(k).

64. Defendants violated California Labor Code §§ 96(k) and 98.6.

65. As a result, Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits caused by Defendants, pursuant to California Labor Code § 98.6(b)(1).

66. In addition, Defendants are liable for a civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 98.6(b)(3).

67. Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Corporate Defendants, and Does 1-50 Inclusive)**

68. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

69. At all times mentioned, the public policy of the State of California, as codified, expressed, and mandated in Government Code section 12940 prohibits employers from discriminating, harassing and retaliating against any individual on the basis of disability. The

public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

70. At all times mentioned, the public policy of the State of California, as codified, expressed, and mandated in Labor Code section 1102.5(b)," an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information… to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

71. By the facts alleged above, Plaintiff was wrongfully terminated as a result of her membership in a protected class and her engagement in protected activity. Plaintiff engaged in protected activity by requesting accommodations for her disabilities.

72. As a direct result of Plaintiff engaging in protected activity Defendants unlawfully terminated Plaintiff's employment.

73. As a direct result of this wrongful termination in violation of public policy under FEHA and Labor Code section 1102.5, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, loss of income and loss of future earning capacity, all to her damage in an amount according to proof.

74. As a further direct result of this wrongful termination in violation of public policy under FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, emotional,

and mental pain, suffering, and distress, all to her general damage in an amount according to proof.

75. Additionally, Plaintiff seeks reasonable attorney's fees and expenses under FEHA, as well as punitive damages as a result of Defendant's knowing and/or intentional conduct.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against ALL Defendants)

76. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

77. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051).

78. Plaintiff alleges that Defendants' conduct in retaliating against her for engaging in protected activity and/or refusal to reasonably accommodate her disabilities and retaliation against her for seeking accommodations for her disabilities, harassing and discriminating against Plaintiff as described herein based on her disabilities, constitutes extreme and outrageous conduct. Defendants intentionally and/or recklessly engaged in this extreme and outrageous conduct and furthermore, Defendants' conduct directly and proximately caused Plaintiff severe emotional distress by engaging in such conduct, further aggravating her disabilities creating a vicious cycle of emotional distress.

79. As a result of Defendants' extreme and outrageous conduct described herein, Plaintiff has sustained severe emotional distress. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

80. As a direct result of this intentional infliction of severe emotional and mental distress, Plaintiff has sustained and will continue to sustain for a period of time, emotional, and mental pain and suffering, all to her general damage in an amount according to proof.

81. As a further direct result of this intentional infliction of severe emotional and mental distress, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages in an amount according to proof.

82. Defendants fostered, ratified, and approved extreme and outrageous conduct as described herein. These acts and conduct, which were extreme, outrageous, intentional, malicious, and oppressive were designed to, and did, injure Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount according to proof.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages, according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For declaratory relief;
10. For injunctive relief; and
11. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 22, 2020

LAW OFFICES OF JAKE D. FINKEL, APC

By: _____
JAKE D. FINKEL
AVRAHAM KALAF
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**